An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAYVION JEROME TERRELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60581

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and possession of a stolen firearm. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

First, appellant claims that the district court erred by allowing police officers to testify about what the maintenance man told them regarding which apartment the suspect may have been in. Appellant claims that this violated his right to confrontation because appellant was unable to cross-examine the maintenance man. Appellant fails to demonstrate that his right to confrontation was violated because he failed to demonstrate that the statements were used to establish the truth of the matter asserted. "[A] statement merely offered to show that the statement was made and the listener was affected by the statement, and which is not offered to show the truth of the matter asserted, is admissible as non-hearsay." Wallach v. State, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990); see also Crawford v. Washington, 541 U.S. 36, 60 n.9 (2004) ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); Rowland v. State, 118 Nev. 31, 43, 39 P.3d 114, 121 (2002). The statement

was offered by the State merely to show why the police officers went to appellant's apartment and not for any truth of the matter. Therefore, the district court did not err in allowing the police officers to testify about the statements made by the maintenance man.

Second, appellant claims that the district court erred by denying his motion to sever the charges. He claims that the two crimes should have been charged separately and that charging the possession count with the robbery count made it more likely that the jury would convict appellant of the robbery. We conclude that the district court erred by failing to sever the charges; however, the error was harmless. Mitchell v. State, 105 Nev. 735, 738-39, 782 P.2d 1340, 1342-43 (1989). NRS 173.115(2) permits two or more offenses to be charged in a single indictment if the offenses are based on the same act or transaction or are connected together. These crimes were not based on the same act or transaction nor were they connected together because there was no weapon used in the robbery. Further, they were not connected together because evidence from the possession of a stolen firearm was not cross-admissible into evidence at a separate trial on the robbery. Mitchell, 105 Nev. at 738, 782 P.2d at 1342. However, given the identification of appellant by the victim, the injury to his hands, and the fact that a weapon was not used in the robbery, appellant fails to demonstrate that joinder of the counts caused a substantial or injurious effect or influenced the jury. Id. at 739, 782 P.2d at 1343. Therefore, the joinder of the counts did not prejudice the jury's verdict as to the robbery.

Finally, appellant claims that the evidence is insufficient to support his conviction of possession of a stolen firearm because the State failed to prove the corpus delicti of the crimes independent of his

extrajudicial admissions. We disagree. While the corpus delicti of a crime must be established independently before a defendant's extrajudicial admissions can be considered, West v. State, 119 Nev. 410, 417, 75 P.3d 808, 813 (2003); Doyle v. State, 112 Nev. 879, 892, 921 P.2d 901, 910 (1996), overruled on other grounds by Kaczmarek v. State, 120 Nev. 314, 91 P.3d 16 (2004); Hooker v. Sheriff, 89 Nev. 89, 92, 506 P.2d 1262, 1263 (1973), the identity of the perpetrator is not an element of corpus delicti. State v. Fouquette, 67 Nev. 505, 531, 221 P.2d 404, 418 (1950). Here, the evidence independent of appellant's extrajudicial admissions more than satisfies the minimal showing required to permit a reasonable inference that the crimes charged were committed. Therefore, we conclude that the State sufficiently established the corpus delicti of the crime charged. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Second Judicial District Court Dept. 8
Suzanne M. Lugaski
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk